PER CURIAM.
Appellant Herndon Oil Corporation challenges the trial court’s Order of Apportionment as to Parcel 121(A) entered in eminent domain proceedings to apportion the compensation awarded by Stipulated Final Judgment for property taken by the Florida Department of Transportation and designated “Parcel 121(A).” The Stipulated Final Judgement was entered as a result of a mediated settlement agreement reached between DOT, owner and lessor VIK, Ltd., and tenant Herndon Oil, and awarded $1,200,000 to be paid, by DOT for the property taken. The $1,200,000 was to be apportioned according to the respective interests of the landlord VIK and the tenant Herndon Oil. At the time of the taking, Herndon Oil was operating the property as a Checkers’ restaurant facility. Herndon Oil argues that the trial court erred by (i) not allocating to it the proper amount of compensation for its property interests that were prematurely terminated by the taking, and (ii) reducing the amount it received by $30,000. We agree and, therefore, reverse.
The trial court accepted expert testimony that the fee value of the land taken from VIK was $900,000. Herndon Oil does not argue that this amount is in error, but that it is at Jeast entitled to the remaining balance of $300,000 because it was the owner of the -leasehold improvements at the time of the taking. We agree and hold that Herndon Oil is entitled to receive $300,000 for its allocated share of the $1,200,000, less $9,419.41 for its stipulated amount of unpaid property taxes, for the net amount of $290,580.59.
The $30,000 deducted by the trial court from Herndon Oil’s allocation amount was in error. After DOT’s taking of the property, Herndon Oil agreed with DOT that it would arrange for another Checkers’ franchisee to remove the modular Checkers’ structure from DOT’s property. With DOT’s agreement, Herndon Oil received $30,000 from the other franchisee for the structure. Because this $30,000 was separate from the $1,200,000 payment by DOT, it should not be deducted from Herndon Oil’s allocation.
*960 REVERSED and REMANDED with instructions.
ALLEN and POLSTON, JJ.; KAREN COLE, Associate Judge, Concur.